UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                                                     DECISION AND ORDER
v.                                                                 89-CR-115A

DONOVAN HOUGH,

                                                Defendant.

---

## **INTRODUCTION**

By way of an indictment returned in 1989, the defendant Donovan Hough was charged with various drug-trafficking crimes occurring over a period of years and committed primarily in the City of Buffalo.  On June 8, 1990, following a jury trial, the defendant was found guilty on all counts of the superseding indictment in this action. (Docket No. 90).

On June 14, 1991, the defendant was sentenced primarily to 480 months imprisonment and five years supervised release.  (Docket Item 144).  On April 9, 1992, the defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Second Circuit.  (Docket Item 156).  Defendant's petition for a writ of certiorari was denied by the United States Supreme Court in October 1992.  Hough v. United States, 113 S.Ct. 228 (1992).

Following the affirmance of his conviction and sentence, the defendant

filed his first motion for habeas corpus relief under 28 U.S.C. § 2255, in 92-CV-502A and his second in 97-CV-145A. In February 2003, the defendant filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure in 97-CV-145-A. Except for issues unrelated to resolution of this motion, these motions and related appeals were decided adversely to the defendant. Most recently, the defendant filed a motion with the Second Circuit for permission to file a second or successive §2255 motion. That motion was denied.

Currently before the Court is defendant's motion to seek retroactive application of the United States Supreme Court's recent decision in United States v. Booker, 125 S.Ct. 738 (2005). For the reasons stated herein, the Court denies defendant's motion.

## DISCUSSION

### A. 18 U.S.C. §3582(c)(2)

The defendant argues that the Supreme Court's decision in Booker, in effect changing the application of the Sentencing Guidelines from mandatory to advisory, works as an amendment of the Guidelines thereby allowing him to move for a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering in the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission.

Circuit courts that have addressed this issue have uniformly ruled that Booker does not provide a basis for a sentence reduction under § 3582(c)(2). See United States v. Price, 2006 WL 337596, at *1 & n.2 (10th Cir. Feb. 14, 2006) (citing United States v. Rolle, 2006 WL 177596, at *1 (4th Cir. Jan.25, 2006) (unpublished) ("Rolle sought relief based on the Supreme Court's decision in [Booker]. The relief Rolle seeks is unavailable under § 3582(c)(2)."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions."); United States v. Sanchez, 140 Fed.Appx. 409, 410 (3d Cir. 2005) (unpublished) ("[Section] 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the Guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the Guidelines."); Hayes v. United States, 141 Fed.Appx. 463, 464 (7th Cir. 2005) (unpublished) ("18 U.S.C. § 3582(c)(2)[ ] authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 Fed.Appx. 897, 899 (5th Cir. 2005) ("Booker is inapplicable to review of the denial of Privette's § 3582(c)(2) motion. By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."). Additionally, the Second Circuit has held that the decision in Booker is not to be applied retroactively to cases on collateral review. Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Green v. United States, 397 F.3d 101 (2d Cir.2005).

Based on these decisions, the Court denies defendant's request for relief under § 3582(c)(2).

## B. Ex Post Facto

Defendant also argues that the decision in Booker somehow violates the Ex Post Facto Clause of the United States Constitution. The Second Circuit, however, has already considered and rejected this argument. See United States v. Vaughn, 430 F.3d 518 (2d Cir.2005).

## CONCLUSION

For the reasons stated, the Court denies defendant's motion.

IT IS SO ORDERED.

                /s/ Richard J. Arcara
                HONORABLE RICHARD J. ARCARA
                CHIEF JUDGE
                UNITED STATES DISTRICT COURT

DATED: March   10  , 2006